(No. 77-CC-1477—

CHERI A. WOOD, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 15, 1979.*

PER CURIAM.

This claim arises out of an employee request for payment of standby pay not included on her payroll vouchers for payroll periods from December 1, 1975, through February 8, 1976.

The Claimant in the case at bar pursued her request for back standby pay through a Facility Level Grievance where she was found to have been entitled to standby compensation, inasmuch as the reason she did not receive payment for the same was that the time was not recorded by the timekeeper as it was scheduled and the payroll office of the local facility was not aware of it and payment was, therefore, not made.

The amount claimed is $391.68 and is from the period of time December 1, 1975 through February 2, 1976.

Ill. Rev. Stat., Ch. 127, para. 145, provides as follows:

"*Amounts paid from appropriations for personal service of any officer or employee of the State, either temporary or regular, shall be considered as full payment for all services rendered between the date specified in the payroll or other voucher and no additional sum shall be paid to such officer or employee* from any lump sum appropriation, appropriation for extra help

or other purpose or any accumulated balances in specific appropriations, *which payments would constitute in fact an additional payment for work already performed and for which remuneration had already been made, except that wage payments made pursuant to the application of the prevailing rate principle or based upon effective date of a collective bargaining agreement* between the State, or a State agency and an employee group shall not be construed as an additional payment for work already performed. (Emphasis added)

The first part of the above cited statute is a clear and unequivocal prohibition of any additional payments "for work already performed" for payroll periods "for which remuneration had already been made," and presumably accepted, while the latter portion makes two exceptions to the general prohibition. The two exceptions are the retroactive payment to tradesmen who are paid in accordance with the pay scale prevailing in the geographic area of their employment, and the second exception has to do with claims for retroactive pay "based upon the effective date of a collective bargaining agreement."

Neither of these exceptions is involved in this case. This case involves an administrative error in failing to properly credit the Claimant for standby time or compensate accordingly.

In the case of *Poskus v. State of Illinois, 26 Ill.Ct.Cl. 107,* this Court awarded a half-time doctor a retroactive salary adjustment, after quoting from para. 145 stating in part:

."Nowhere is it contended that Claimant is requesting additional compensation for services performed, or that he has performed extra services. He is not asking payment for more than was appropriated, or for more than his contract of employment specifically provided, i.e., half the salary of a full-time physician. Because the contract of work was in a definite amount, and the sum paid to him by Respondent was admittedly below this amount, it cannot be contended that he was 'apparently paid for services in full.' Respondent's agents have clearly established that the sole reason for the nonpayment of the requested amount was a mistake. They have further established that the Claimant was entitled to the sum of $1,812.25, which would have been paid to him but for Respondent's mistake. Respondent cannot profit from its own errors."

In the case at bar, not only should this claim be awarded because of the State's error in recordkeeping, but it should be granted because it is not prohibited by Ch. 127, para. 145.

As stated earlier, it is the opinion of the Attorney General that the Legislature did not intend that para. 145 of ch. 127 provide a means by which errors, either clerical or otherwise, made by the State work for the benefit of the State at the expense of its employee.

The position stated in this memorandum is not a position grounded in equity or good conscience by one of law. A cardinal rule of statutory construction is to ascertain and give effect to the true intent and meaning of the Legislature enacting a law. *Electrical Contractors Association of the City of Chicago v. Illinois Building Authority, 33 Ill. 2d, 587.* Where an employee is erroneously paid for less time than actually put in, he or she is being erroneously paid too little salary and has, therefore, not been previously paid for services performed. As such retroactive payments would not be payments "for which remuneration had already been made" the exclusion contained in para. 145 would not apply. We find the Claimant is entitled to back salary in the gross amount of $391.68 plus employer contributions of $49.15 for a total employee benefit of $440.83.

It is therefore ordered that Claimant be and is hereby awarded the total employee benefit of $440.83.